IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TERESA FABI,<br><br>               Plaintiff,<br><br>   v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA and<br>MANAGEMENT BENEFITS FUND<br>OF THE CITY OF NEW YORK,<br><br>               Defendants. | Case No. 21-cv-4944<br><br>**NOTICE OF REMOVAL** |

Defendant, The Prudential Insurance Company of America ("Prudential"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above-captioned case, which was filed in the Supreme Court of the State of New York, County of Kings, Index No. 518384/2021. In support of this Notice of Removal, Prudential states the following:

**Timeliness And Background**

1.     On July 23, 2021, Plaintiff, Teresa Fabi, commenced a civil action against Prudential and Management Benefits Fund of the City of New York ("MBF"), by filing a Complaint in the Supreme Court of the State of New York, County of Kings. The lawsuit is recorded on that Court's docket as Index No. 518384/2021.

2.     Plaintiff served Prudential through service of the Summons and Complaint via United States Postal Service, certified mail, return receipt requested, on August 2, 2021 and received by Prudential on August 18, 2021. Pursuant to 28 U.S.C. § 1446(a), a true and correct

copy of the Summons and Complaint, which constitutes "all summons, pleadings, and orders" served upon Prudential in the State Court action, is attached hereto, as **Exhibit A**.

3.      In the Complaint, Plaintiff seeks various forms of relief, including, inter alia, group universal life insurance benefits under a policy insured by Prudential. (Compl., ¶¶ 8, 15-17.)

4.      In her three count Complaint, Plaintiff alleges a claim against both Prudential and Co-Defendant MBF for breach of contract (Count I), and a claim against both Defendants for attorneys' fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq  (Count III). These claims are both related to Prudential's denial of benefits under the applicable group universal life insurance policy. (Compl. Counts I - III, ¶¶ 2-17 and 25-30.)

5.      Plaintiff alleges a claim for breach of fiduciary duty against Co-Defendant MBF only (Count II). This claim is unrelated to Prudential. (Compl. Counts II, ¶¶ 18-24.)

6.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it has been submitted within thirty (30) days of receipt of service. Prudential reserves the right to contest it was properly served under New York law.

7.      On August 31, 2021, Counsel for Prudential attempted to contact counsel Co-Defendant MBF to obtain consent to remove but has been unsuccessful in making contact to date.

**This Case Is Removable Based Upon Federal Question Jurisdiction**

8.      Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.      Plaintiff's complaint alleges a cause of action for attorneys' fees under ERISA, and thus arises under the laws of the United States within the meaning of 28 U.S.C. § 1331. (See Compl. ¶ 26.) Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

10.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 112(d), this Court embraces the Supreme Court of the State of New York, County of Kings, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

11.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

## **This Case Is Removable Based Upon Diversity Jurisdiction**

12.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where complete diversity of citizens of different States exists. 28 U.S.C. § 1332(a).

13.     In this case, both the amount in controversy and complete diversity requirements are met, because under Federal Rule of Civil Procedure 21, Co-Defendant MBF should be found to be a dispensable non-diverse party to the breach of contract claim. Further, the breach of fiduciary duty claim filed against Co-Defendant MBF should be severed and remanded.

### Co-Defendant MBF is a Dispensable Party

14.     Plaintiff filed a three Count Complaint; the first two counts are state law claims for breach of contract (Count I) pled against both Prudential and MBF, and breach of fiduciary duty (Count II), pled solely against Co-Defendant MBF.  Although Co-Defendant MBF is a New York citizen, like Plaintiff, for the reasons noted below, Co-Defendant is  a dispensable party to the breach of contract claim.

74344222v.6

15.     Pursuant to Federal Rules of Civil Procedure Rule 21, this Court may drop a party and/or sever any claim against a party as appropriate to obtain diversity. Fed. R. Civ. P. 21 (A court "may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."). Thus, this Court may drop Co-Defendant MBF as a party to the breach of contract claim. Further, this Court may sever and remand the breach of fiduciary duty claim (Count II) that is pled solely against Co-Defendant MBF to achieve complete diversity.

16.     It is well-settled that Rule 21 can be used to sever a dispensable, nondiverse party in order to preserve federal jurisdiction. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989) ("Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) ("Although we agree that a party may not create diversity by dropping a nondiverse and indispensable party, we note that it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) (explaining that Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party.").

17.     "A court may drop a nondiverse party to preserve diversity jurisdiction, as long as that party is not 'indispensable' under Rule 19(b) and would not cause prejudice to any of the remaining parties. Rule 19(b) lays out four factors for consideration:

(1)     whether a judgment rendered in a person's absence might prejudice that person or parties to the action,
(2)     the extent to which any prejudice could be alleviated,
(3)     whether a judgment in the person's absence would be adequate, and

(4)     whether the plaintiff would have an adequate remedy if the court dismissed the suit.

There is no 'bright-line rule' that all parties to a contract are indispensable, given 'Rule 19(b)'s flexible standard.'" *Synergy Advanced Pharmaceuticals, Inc. v. CapeBio, LLC*, 797 F.Supp.2d 276 (SDNY 2011).

18.     In the matter at bar, Prudential insured certain group universal life insurance benefits for certain qualified individuals under Group Contract No. UG-24768-NY, entered into between Prudential and The City of New York  (the "Policy"). The group universal life insurance benefits at issue are fully insured by Prudential under the Policy. Co-Defendant MBF is not a party to the Policy.

19.     As such, any alleged breach of contract claim is inapplicable as to Co-Defendant MBF.

20.     If group universal life insurance benefits are to be awarded under the Policy, Co-Defendant MBF would not be responsible for payment of any benefits awarded. Prudential would be the responsible party for the benefit.[1]  [

21.     Accordingly, Co-Defendant MBF is a dispensable party as to the breach of contract claim. Further, Court may sever and remand the breach of fiduciary duty claim pled solely against Co-Defendant MBF.

<u>The Parties Are Diverse</u>

22.     On information and belief, Plaintiff is a resident and a citizen of the State of New York. (*See* Summons, page 2.)

---

[1] The foregoing statement shall not be interpreted as an admission by Prudential in any way that Plaintiff's allegations have any merit. Rather, Prudential continues to deny any and all such allegations.

74344222v.6

23.     Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

24.     Prudential is incorporated under the laws of the State of New Jersey, and its principal place of business is located in Newark, New Jersey. (See Compl., ¶ 2.) Accordingly, Prudential is a citizen of New Jersey.  Prudential is not a citizen of the State of New York. See 28 U.S.C. § 1332(c)(1).

25.     Thus, Plaintiff and Prudential are citizens of different states, and this case is "between citizens of different states."  28 U.S.C. §§ 1332(a), (c).

The Amount In Controversy Exceeds $75,000

26.     Plaintiff claims damages in the amount of $633,000, plus interest and attorneys' fees. (Compl. ¶¶ 17 and 30.)[2]

27.     Accordingly, the amount in controversy is at least $75,000, exclusive of interest and costs, and the case is properly removable to federal court. See 28 U.S.C. § 1332(c).

28.     Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. See 28 U.S.C. §§ 1332(a), (c).

**Venue And Notice**

29.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 112(c), this District embraces the Supreme Court of

---

[2] Plaintiff also seeks punitive damages against MBF for the breach of fiduciary duty claim. As noted above, the breach of fiduciary duty claim can be severed and remanded to State Court.

74344222v.6

the State of New York, County of Kings, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

30.     Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Supreme Court of the State of New York, County of Kings, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. § 1446(d). A copy of this notice is attached hereto, as **Exhibit B**.

<u>Conclusion</u>

31.     Based on the foregoing, this Court has original jurisdiction over this action based upon federal question under 28 U.S.C. § 1331, and the diversity of the parties under 28 U.S.C. § 1332. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

32.     Should Plaintiff seek to remand this case to State Court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, The Prudential Insurance Company of America requests that the above-described action pending against it be removed to this Court. The Prudential Insurance Company of America also requests all other relief, at law or in equity, to which it justly is entitled.

DATED:  September 1, 2021

Respectfully submitted,
SEYFARTH SHAW LLP


By: /s/ *Tracee E. Davis*
Tracee E. Davis
tdavis@seyfarth.com


SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Telephone:     (212) 218-5500
Facsimile:      (212) 218-5526

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was

served on all counsel of record, as listed below, via CM/ECF and regular mail on this 1st day of

September 2021:

John M. Brickman, Esq.
McLaughlin & Stern, LLP
1122 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 829-6900
brickman@mclaughlinstern.com

Attorneys for Plaintiff

Georgia Pestana
Corporation Counsel of the City of New York
Attention: Edwar Estrada, Esq.
100 Church Street
New York, New York 10007
(212) 356-3177
eestrada@law.nyc.gov

Attorneys for Defendant
Management Benefits Fund
of the City of New York

*/s/ Tracee E. Davis*
Tracee E. Davis

74344222v.6