# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
TERESA FABI,

                        Plaintiff,

  - against -

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA and MANAGEMENT BENEFITS FUND OF
THE CITY OF NEW YORK,

                        Defendants.
-------------------------------------------------------------------------x

Index No.

SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded therein.

Dated: July 19, 2021

                                       McLAUGHLIN & STERN, LLP

                                       By: _____
                                            John M. Brickman
                                   Attorneys for Plaintiff
                                   1122 Franklin Avenue, Suite 300
                                   Garden City, New York 11530
                                     (516) 829-6900

{N0328872.5}

Defendants' Addresses:

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
Prudential Plaza
751 Broad Street
Newark, New Jersey 07102

MANAGEMENT BENEFITS FUND OF THE CITY OF NEW YORK
22 Cortlandt Street, 28th Floor
New York, New York 10007

The plaintiff designates Kings County as the place of trial.

The basis of the venue designated is the county of the plaintiff's residence. The plaintiff's address is 85 Livingston Street, Brooklyn, New York 11201.

{N0328872 5}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
TERESA FABI,

                 Plaintiff,

- against -

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA and MANAGEMENT BENEFITS
FUND OF THE CITY OF NEW YORK,

                 Defendants.
------------------------------------------------------------------------x

Index No.

VERIFIED
COMPLAINT

       The plaintiff, by its attorneys, McLaughlin & Stern, LLP, for its complaint against the defendants, upon information and belief, alleges as follows:

       1.      This is an action by Teresa Fabi ("Teresa"), the surviving spouse of William Miller, a justice of the Supreme Court, Kings County, to collect the proceeds of a life insurance policy on the life of Justice Miller, of which Ms. Fabi was the beneficiary, and which was in full force and effect, with premiums paid through March 31, 2020, upon the death of Justice Miller on March 15, 2020.

<u>FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS</u>

       2.      The defendant The Prudential Insurance Company of America ("Prudential") is a corporation organized and existing under the laws of the State of New Jersey, authorized to do business in the State of New York.

{N0328872.5}

3. The defendant Management Benefits Fund of the City of New York ("MBF") is an agency of the New York City government.

4. Teresa is the widow and surviving spouse of Justice Miller.

5. The MBF manages group life insurance programs for non-union employees of the City of New York.

6. From 2013 until his retirement on December 31, 2019, Justice Miller was an elected Justice of the Supreme Court of the State of New York, County of Kings.

7. As a consequence of his employment, Justice Miller was, at all relevant times, a member of the MBF.

8. As part of his compensation for his employment as a Justice of the Supreme Court and as a consequence of his prior government employment and employment as a lower-court judge, Justice Miller held a group universal life insurance policy (the "Policy"), issued by Prudential, bearing group control number 24768 and administered by the MBF.

9. The Policy was in full force and effect on and after December 31, 2019, with premiums paid in full (via payroll deductions before Justice Miller's retirement) through March 31, 2020.

10. Through March 31, 2020, the death benefit of the Policy was three times the insured's salary.

{N0328872.5}  2

11. As of the date of his retirement, Justice Miller's salary was $211,000 per year.

12. Justice Miller died on March 13, 2020.

13. Prior to his retirement, Justice Miller duly designated the plaintiff as the beneficiary of the Policy, and such designation remained in full force and effect as of Justice Miller's death.

14. Prior to his retirement, Justice Miller advised the MBF that as of April 1, 2020, he wished to reduce the death benefit for the Policy to equal his final annual salary, namely, $211,000.

15. The death benefit for the Policy of three times Justice Miller's final salary of $211,000 was, however, to remain in place through March 31, 2020, and the premium for coverage through March 31, 2020, had been paid as of Justice Miller's retirement on December 31, 2019.

16. Although Teresa has duly filed a death claim to recover the Policy proceeds, and otherwise performed her each and every obligation required by Prudential or otherwise for her to receive the Policy proceeds, the defendants have failed and refused to pay the Policy proceeds, or any portion thereof, to her.

17. By reason of the foregoing, Teresa has been damaged in the sum of $633,000, plus interest.

{N0328872.5}

3

## SECOND CAUSE OF ACTION AGAINST MBF

18. Teresa repeats each allegation contained in paragraphs 1 through 16 above, as if pleaded here in full.

19. When Teresa demanded payment of the full amount of the Policy, the MBF wrongfully claimed that Justice Miller had cancelled the policy before his death.

20. The claim that Justice Miller had cancelled the policy before his death was false.

21. The MBF knew, or in the exercise of reasonable diligence should have known, that the aforesaid claim was false.

22. The MBF stands in a fiduciary position, and has the responsibilities and duties of a fiduciary, with respect to the Policy and the MBF's administration of the Policy.

23. By claiming that Justice Miller had canceled the Policy, and refusing to credit Teresa's claim, the MBF breached its fiduciary duties to Teresa and Justice Miller.

24. By reason of the foregoing, Teresa has been damaged in the sum of $633,000, plus interest, plus punitive damages in an amount to be fixed by the Court.

{N0328872.5}

4

## THIRD CAUSE OF ACTION AGAINST BOTH DEFENDANTS

25. Teresa repeats each allegation contained in paragraphs 18 through 23 above, as if pleaded here in full.

26. The plan under which Justice Miller received life insurance was an employee benefit plan within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. §§1001 *et seq.* ("ERISA").

27. Teresa is a beneficiary within the meaning of ERISA.

28. Teresa is entitled to receive the Policy proceeds under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

29. The Court should exercise its discretion and allow Teresa a reasonable attorney's fee and costs of this action, in accordance with Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

30. By reason of the foregoing, Teresa has been damaged in the sum of $633,000, plus interest, plus a reasonable attorney's fee and costs of this action, in an amount to be fixed by the Court.

WHEREFORE, Teresa demands judgment against the defendants and each of them in the sum of $633,000, plus interest from March 13, 2021, plus punitive damages against MBF in an amount to be fixed by the Court, plus a reasonable attorney's fee and

costs of this action, all of the foregoing together with the costs and disbursements of this action and for such other and further relief as may be just and proper in the premises.

Dated: July 19, 2021

          McLAUGHLIN & STERN, LLP

          By: _____
                John M. Brickman

Attorneys for Plaintiff
1122 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 829-6900

{N0328872.5}

AFFIDAVIT OF VERIFICATION

STATE OF CT )
            ) ss.:
COUNTY OF Fairfield )

TERESA FABI, being duly sworn, deposes and says:

1. I am the surviving spouse of William Miller, the beneficiary of the policy at suit, and the plaintiff in this action. I have read the foregoing complaint, and the same is true to my own knowledge, except as to matters therein alleged to be upon information and belief; and as to those matters, I believe them to be true.

2. The basis of my information and belief is my inspection of documents and conversations with others.

_____
TERESA FABI

Sworn to before me this
19 day of July, 2021.

_____
Notary Public

VINCENT JOSEPH FAUST
Notary Public
Connecticut
My Commission Expires Feb 28, 2025

{N0328872.4}