UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TERESA FABI,

                Plaintiff,

      -against-                            REPORT AND
                                              RECOMMENDATION

THE PRUDENTIAL INSURANCE COMPANY OF      No. 21-CV-04944-MKB-JRC
AMERICA and MANAGEMENT BENEFITS FUND
OF THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------ x

JAMES R. CHO, United States Magistrate Judge:

        Plaintiff Teresa Fabi ("plaintiff") commenced this action in the Supreme Court of the States of New York, Kings County, against The Prudential Insurance Company of America ("Prudential") and Management Benefits Fund of the City of New York ("MBF," and collectively "defendants") seeking "to collect the proceeds of a life insurance policy." *See* Compl. ¶ 1, Dkt. 1-1 (Verified Complaint). Plaintiff alleges breach of contract, breach of fiduciary duty under New York law and violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). *See generally* Compl. Prudential subsequently removed this action to this Court based on federal question and diversity jurisdiction. *See* Dkt. 1 (Notice of Removal). Defendants now move to dismiss plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Prudential's Motion to Dismiss, Dkt. 15 ("Prudential Mot."); MBF's Motion to Dismiss, Dkt. 20 ("MBF Mot.").

        Currently pending before this Court, on referral from The Honorable Chief Judge Margo K. Brodie, are defendants' motions to dismiss. *See* Order Referring Motions dated February 4,

2022. As set forth below, this Court respectfully recommends granting in part and denying in part defendants' motions.

## Background

Plaintiff alleges that her husband, Justice William Miller ("Justice Miller"), served as an elected justice of the Supreme Court of the State of New York, Kings County from 2013 until his retirement on December 31, 2019. *See* Compl. ¶¶ 1, 6. As of Justice Miller's retirement, his salary was $211,000 per year. *Id.* ¶ 11. Through his employment as an elected justice, Justice Miller was a member of MBF, an agency of the New York City government that manages group life insurance programs for non-union employees of the City of New York. *Id.* ¶¶ 3, 5, 7. As a member of MBF, Justice Miller held a group universal life insurance policy bearing group control number 24768 (the "Policy"), issued by Prudential and administered by MBF. *Id.* ¶ 8.

Prior to his retirement, Justice Miller designated plaintiff as the beneficiary of this Policy, and such designation remained in effect as of Justice Miller's death on March 13, 2020. *Id.* ¶ 13. The Policy was in effect on and after Justice Miller's retirement on December 31, 2019, through Justice Miller's death on March 13, 2020, with premiums paid from pre-retirement payroll deductions. *Id.* ¶¶ 9, 12. Through March 31, 2020, the death benefit of the Policy was three times Justice Miller's salary. *Id.* ¶ 10. Prior to his retirement, Justice Miller advised MBF that as of April 1, 2020, he wished to reduce the death benefit of the Policy to equal his final annual salary -- $211,000. *Id.* ¶ 14.

When Justice Miller died on March 13, 2020, plaintiff filed a death claim to recover the Policy proceeds. *Id.* ¶ 16. However, defendants refused to pay any Policy proceeds to plaintiff, claiming that Justice Miller had canceled the Policy before his death. *Id.* ¶¶ 16, 19. Plaintiff alleges that defendants' claim that Justice Miller canceled the Policy before his death was false,

and that MBF should have known that this claim was false. *Id*. ¶¶ 20-21. Plaintiff claims that, by denying her request for the Policy proceeds, both defendants are liable for breaching the contract and violating ERISA, and that MBF also is liable for breaching its fiduciary duties to plaintiff and Justice Miller. *Id*. ¶¶ 2-29. Plaintiff seeks $633,000, plus interest, along with punitive damages against MBF, and attorney's fees and costs. *Id*. at Wherefore Clause.

On December 8, 2021, Prudential moved to dismiss this action on the grounds that (1) no breach of contract occurred because Justice Miller had canceled his Policy coverage; and (2) ERISA does not apply to the Policy given that it is a governmental plan. *See generally* Prudential's Memorandum of Law (Dkt. 15-1). Similarly, on February 4, 2022, MBF moved to dismiss this action on the grounds that (1) no breach of contract occurred because Justice Miller had canceled his Policy coverage; (2) plaintiff failed to plead the existence of any fiduciary duty by MBF; (3) ERISA does not apply to the Policy given that it is a governmental plan; and (4) plaintiff failed to meet the pleading requirements for punitive damages for a breach of contract claim under New York law. *See generally* MBF's Memorandum of Law (Dkt. 20-1).

On February 4, 2022, The Honorable Chief Judge Margo K. Brodie referred defendants' motions to this Court for a report and recommendation. For the reasons set forth below, this Court respectfully recommends granting in part and denying in part defendants' motions.

## Discussion

### A. Legal Standards

#### 1. Pleading Requirements

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id*. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### 2.     Documents Properly Considered on a Motion to Dismiss

When deciding a motion to dismiss, the court's review is generally limited to the factual allegations in the complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). "A court may, however, consider additional materials, including documents attached to the complaint, documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit." *Sharde Harvey, DDS, PLLC v. Sentinel Ins. Co., Ltd.*, No. 20-CV-3350, 2021 WL 1034259, at *3 (S.D.N.Y. Mar. 18, 2021) (citing *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013)). For a court to consider documents outside of the complaint on a motion to dismiss, the documents must be "integral" to the complaint. A document is considered "integral" to the complaint where the complaint "relies heavily upon its

terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotations omitted). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*. (citation omitted). "Integral" documents may include documents that are partially quoted in the complaint or on which plaintiff relied in drafting the complaint. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

If a document outside of the complaint is to form the basis for dismissal, however, two requirements must be met in addition to the requirement that the document must be "integral" to the complaint: (1) "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document"; and (2) "[i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id*. The court may also consider on a motion to dismiss documents of which it can take judicial notice. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

In arguing for dismissal of plaintiff's Complaint, defendants seek to have the Court consider several documents beyond the four corners of the Complaint. The Court first notes that because plaintiff's Complaint relies on the "terms and effect" of Justice Miller's life insurance policy, the Court can consider as "integral" to the Complaint the following documents:[1] (1) the Group Insurance Contract between Prudential and The City of New York, Group Contract No. UG-24768-NY[2] (the "Group Contract"); (2) The City of New York Management Benefits Fund Group Universal Life Coverage Booklet-Certificate[3] (the "Booklet Certificate"); and (3) the

---

[1] Cites to "ECF [page]" refer to the page numbers assigned by the Electronic Case Filing (ECF) system.
[2] *See* Prudential Mot., Ex. 2 (Dkt. 15-2 at ECF 8); MBF Mot., Ex. B (Dkt. 20-3 at ECF 11).
[3] *See* Prudential Mot., Ex. 3 (Dkt. 15-2 at ECF 20); MBF Mot., Ex. C (Dkt. 20-3 at ECF 23).

5

retirement documents from MBF and Prudential[4] ("Retirement Documents"), except the MBF Form 1060 dated February 21, 2020 (Dkt. 20-3 at ECF 71), for the reasons discussed below. *See generally* Compl.; *see also Sharde Harvey,* 2021 WL 1034259, at *3 ("In insurance disputes in particular, courts may consider the insurance policies themselves, even if they are not attached to the plaintiff's complaint."). Moreover, because plaintiff's Complaint specifically discusses Justice Miller's attempt to reduce his coverage, this Court also considers his MBF Form 1060, dated January 31, 2020. *See* Compl. ¶ 14; *see also* Prudential Mot., Ex. 4 (Dkt. 15-2 at ECF 62); MBF Mot., Ex. E (Dkt. 20-3 at ECF 72).

The Court, however, does not consider the following documents which are neither mentioned in the Complaint, nor relied on for its allegations: (1) the "Continuation/Termination Options" letter dated February 9, 2020, outlining the options available to Justice Miller upon retirement, *see* Prudential Mot., Ex. 5 (Dkt. 15-2 at ECF 64); MBF Mot., Ex. G (Dkt. 20-3 at ECF 77); (2) the Group Universal Life Insurance Benefit Summary Statement, *see* Prudential Mot., Ex. 6 (Dkt. 15-2 at ECF 70); and (3) the MBF Form 1060 dated February 21, 2020, *see* Prudential Mot., Ex. 7 (Dkt. 15-2 at ECF 73); MBF Mot., Ex. H (Dkt. 20-3 at ECF 83).[5] Notably, plaintiff specifically disputes the authenticity and accuracy of the MBF Form 1060 dated February 21, 2020. *See* Plaintiff's Memorandum of Law in Opposition to Prudential's Motion to Dismiss ("Pl.'s Opp. To Prudential"), Dkt. 17 at 6, 10; Plaintiff's Memorandum of Law in Opposition to MBF's Motion to Dismiss ("Pl.'s Opp. To MBF"), Dkt. 21 at 8, 10; *see also* Prudential Mot., Ex. 7 (Dkt. 15-2 at ECF 73); MBF Mot., Ex. H (Dkt. 20-3 at ECF 83). As

---

[4] *See* MBF Mot., Ex. D (Dkt. 20-3 at ECF 65).
[5] While these documents may be relevant as support for any future argument by defendants disputing plaintiff's claims -- *e.g.,* her claim regarding when the decrease in coverage was to take effect -- the documents are not "integral" to the Complaint and are thus not ripe for consideration at this time.

such, this Court has further reason not to consider this document in its analysis of the motions to dismiss. *See Grant v. Abbott House*, No. 14-CV-8703, 2016 WL 796864, at \*2 (S.D.N.Y. Feb. 22, 2016) ("The 'no dispute' requirement has been interpreted strictly: even implicit, conclusory, contradictory, or implausible objections to the authenticity or accuracy of a document render consideration impermissible.").

In addition, while plaintiff references the denial of her claim for Justice Miller's insurance proceeds, which denial is demonstrated in the letters dated April 3, 2020, October 12, 2020, and November 18, 2020, *see* Prudential Mot., Ex. 8 (Dkt. 15-2 at ECF 75) and Ex. 9 (Dkt. 15-2 at ECF 77); MBF Mot., Ex. F (Dkt. 20-3 at ECF 74), plaintiff disputes the validity of the denial in her Complaint. *See* Compl. ¶¶ 19-21. In light of this dispute, the Court will not consider the denial documents in determining whether plaintiff has stated a valid claim for relief. *Accord Cram v. Pepsico Exec. Income Deferral Compensation Program*, No. 08-CV-10627, 2010 WL 4877275, at \*4 (S.D.N.Y. Aug. 9, 2010) (declining to consider document advanced by plaintiff in own complaint on motion to dismiss "[b]ecause Plaintiff implicitly disputes the authenticity of the document he advances").

### B.    Federal ERISA Claim

Plaintiff's ERISA claim appears to stem from her assertion that Prudential invited her to file suit under section 502(a) of ERISA. *See* Pl.'s Opp. to Prudential at 11 (Dkt. 17); Pl.'s Opp. to MBF at 13 (Dkt. 21). The scope of this statute, however, is limited to employee benefits plans described in section 4(a) of ERISA and those not exempted under section 4(b) of ERISA. *See* 29 C.F.R. § 2560.503-1(a) (describing the requirements and procedure for filing a claim under ERISA). Government sponsored health plans are specifically exempted from ERISA under section 4(b). *See* 29 U.S.C. § 1003(b)(1) (providing that "[t]he provisions of this subchapter

7

shall not apply to any employee benefit plan if such plan is a government plan"). Such plans are defined as those "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32).

Plaintiff argues that there are "issues of fact as to whether the plan at issue included both public and private entities, is actually maintained by a governmental agency, and has more than a *de [minimis]* number of private employees participating in the plan." Pl.'s Opp. to Prudential at 11 (Dkt. 17). In plaintiff's Complaint, however, she specifically alleges that (1) MBF "is an *agency* of the New York City government;" (2) "MBF *manages* group life insurance programs for non-union employees of the City of New York;" (3) "as a consequence of his employment, Justice Miller was, at all relevant times, a member of the MBF;" and (4) "[a]s a consequence of his employment . . . Justice Miller held a group universal life insurance policy [] issued by Prudential . . . and *administered* by the MBF." Compl. ¶¶ 3, 5, 7-8 (emphasis added). These allegations alone establish that the Policy is a governmental plan. *See* 29 U.S.C. § 1002(32). This conclusion is further supported by the fact that the City of New York was the contract holder of the subject Policy. *See* Prudential Mot., Ex. 2 (Group Contract) at 1 (Dkt. 15-2 at ECF 8).

Moreover, though plaintiff asserts that this Court must consider whether the plan includes private entities and private employees, this Court is not aware of any Second Circuit precedent supporting this assertion, and plaintiff fails to provide any such precedent. Given that the Second Circuit has held that a plan maintained by a government agency is a government plan within the meaning of 29 U.S.C. § 1002(32), even if the entity establishing the plan was private, this Court is of the view that plaintiff's argument is not supported in the Second Circuit. *See Roy*

8

*v. Teachers Inc. & Annuity Ass'n*, 878 F.2d 47, 49-50 (2d Cir. 1989); *Rose v. LIRR Pension Plan*, 828 F.2d 910, 914-15 (2d Cir. 1987).

Accordingly, this Court respectfully recommends **granting** defendants' motions to dismiss plaintiff's ERISA claim with prejudice.

### C.  State Law Claims

When a complaint states a claim under ERISA, any common law state claims are generally preempted. *See Empire HealthChoice Assur., Inc. v. McVeigh,* 396 F.3d 136, 157 (2d Cir. 2005) ("ERISA preempts generally applicable state contract law when that law is relied upon to enforce a benefits plan"). As stated above, however, this Court respectfully recommends dismissing plaintiff's ERISA claim. In light of that recommendation, this Court evaluates the viability of plaintiff's remaining state law claims.

#### 1.  Breach of Contract

Defendants contend that plaintiff has failed to allege a claim for breach of contract because Justice Miller terminated the Policy prior to his death, and thus there was no contract to breach. *See* Prudential Mot. at 7-10 (Dkt. 15-1); MBF Mot. at 5-6 (Dkt. 20-1).

"To state a claim for breach of contract under New York law,[6] the complaint must allege (1) the existence of a contract; (2) that the plaintiff has performed his or her obligations under the contract; (3) that the defendant failed to perform his or her obligations thereunder; and (4) damages resulting to the plaintiff from the defendant's nonperformance." *Udell v. Berkshire Life Ins. Co. of America*, No. 03-CV-2721, 2005 WL 1243497, at *5 (E.D.N.Y. May 25, 2005) (collecting cases). As discussed above, this Court declines to consider the extrinsic document that defendants claim Justice Miller submitted to terminate the Policy. This Court finds that

---

[6] The parties do not appear to dispute that New York law applies to the Policy.

9

plaintiff has adequately plead the existence of an enforceable contract, *see* Compl. ¶ 13 (the Policy "remained in full force and effect as of Justice Miller's death").  Further, in considering a motion to dismiss for failure to state a claim, the court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the [non-moving party's] favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).  Assuming the facts in the Complaint as true, this Court cannot determine at this early stage of the case whether the Policy had, in fact, been terminated.  *See* Compl. ¶¶ 19-20 ("MBF wrongfully claimed that Justice Miller had cancelled the policy before his death . . . The claim that Justice Miller had cancelled the policy before his death was false.").

Plaintiff also has adequately plead that she performed her obligations under the contract and that defendants failed to perform their obligations.  Under Rule 9(c) of the Federal Rules of Civil Procedure, "a general averment of performance of a condition precedent is sufficient to withstand a motion to dismiss." *Udell*, 2005 WL 1243497 at *5.  The City of New York Management Benefits Fund Group Universal Life Coverage Booklet-Certificate provides, in pertinent part, as follows:

> If a person dies (1) while a Covered Person under the Universal Life Coverage; or (2) after the person's face amount of insurance under the Universal Life Coverage ends or is reduced and: (a) while the person has the right [] to convert all or part of the face amount of insurance to an individual contract; and (b) before the person makes satisfactory application for the individual contract [] a death benefit is payable when Prudential receives written proof of death.

Booklet Certificate, Dkt. 15-2 at ECF 40.

Plaintiff alleges that she "duly filed a death claim to recover the Policy proceeds, and otherwise performed her each and every obligation required by Prudential or otherwise for her to receive the Policy proceeds," but that the "defendants have failed and refused to pay the Policy proceeds."  Compl. ¶ 16.  This Court finds these allegations

sufficient to withstand dismissal based upon plaintiff's allegation that she performed all conditions precedent to payment under the Policy and that defendants failed to perform their resulting obligation to pay. In addition, as plaintiff alleges that she "has been damaged in the sum of $633,000, plus interest" because of defendants' breach, she also has plead damages resulting from defendants' nonperformance. *Id*. ¶ 30.

In light of the foregoing, this Court respectfully recommends **denying** defendants' motions to dismiss plaintiff's breach of contract claims.

### 2. Breach of Fiduciary Duty

Plaintiff alleges that MBF breached its fiduciary duties to plaintiff and Justice Miller by wrongfully refusing to pay the Policy proceeds. *See* Compl. ¶¶ 18-24. MBF claims plaintiff has failed to plead that MBF had a fiduciary duty to plaintiff and Justice Miller. *See* MBF Mot. at 7-8 (Dkt. 20-1).

To state a claim for breach of fiduciary duty under New York law, the complaint must allege: "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Desner v. Educators Mut. Life Ins. Co.*, No. 13-CV-6154, 2014 WL 4907603, at *4 (E.D.N.Y. Sept. 29, 2014) (internal quotations and citations omitted). "A fiduciary relationship exists under New York law when one . . . is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id*. "Such a relationship, necessarily fact-specific, is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions." *McKnight v. 65 Dune Road LLC*, No. 19-CV-4172, 2020 WL 9816015, at *14 (E.D.N.Y. Nov. 16, 2020) (Brodie, C.J.) (internal quotations and citations omitted).

Under New York law, a transaction between an insurance agent and a customer is

considered to be an "arm's length transaction," and "does not ordinarily give rise to a fiduciary relationship." *See Vestal v. Pontillo*, 124 N.Y.S.3d 441, 448 (3d Dep't 2020) (collecting cases); *see also Paull v. First UNUM Life Ins. Co.*, 744 N.Y.S.2d 95, 97 (4th Dep't 2002) ("That cause of action merely alleges the purchase of an insurance contract from an insurance agent, which does not in itself give rise to a fiduciary relationship.").

"[W]hen parties deal at [arm's] length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances." *McKnight*, 2020 WL 9816015, at *14 (citation omitted). Thus, where the allegations involve an insurance contract, which is generally considered to be an arm's length transaction, "the complaint [must] contain [] facts to substantiate the degree of trust necessary to create a fiduciary duty." *Desner*, 2014 WL 4907603, at *5. This includes specific allegations detailing, for example, "confidence on one side, and resulting superiority and influence on the other [and] discretionary authority and dependency, and includes reliance and de facto control and dominance." *Id*. at *4 (internal quotations and citations omitted).

This Court finds that plaintiff's Complaint fails to contain any facts to substantiate the degree of trust necessary to create a fiduciary relationship. The only allegations in support of a fiduciary relationship state in conclusory fashion that "MBF stands in a fiduciary position, and has the responsibilities and duties of a fiduciary, with respect to the Policy and the MBF's administration of the Policy" and that "[b]y claiming that Justice Miller had canceled the Policy, and refusing to credit [plaintiff's] claim, the MBF breached its fiduciary duties to [plaintiff] and Justice Miller." Compl. ¶¶ 22-23. These conclusory allegations do not provide a factual basis to find a fiduciary duty between plaintiff and MBF. *See Desner*, 2014 WL 4907603, at *4-*5 (dismissing fiduciary duty claim against life insurance company where complaint alleged,

12

without more, that defendants "'owed a fiduciary duty' and a 'duty of loyalty to Plaintiff' and other members of the group; they were 'required to ensure that the insurance they were offering' was what it was represented to be; and were 'required to ensure' the agents administering the policy were qualified and fair.").

Accordingly, this Court respectfully recommends **granting** MBF's motion to dismiss plaintiff's breach of fiduciary duty claim.

### 3. Punitive Damages

MBF argues that plaintiff's request for punitive damages fails because punitive damages are not recoverable for ordinary breach of contract under New York law, and plaintiff does not allege any tortious or egregious conduct meriting punitive damages. *See* MBF Mot. at 9-10 (Dkt. 20-1). In response, plaintiff argues that her request for punitive damages arises from her breach of fiduciary duty claim, not her breach of contract claim, and that she is thus entitled to this relief. As discussed above, given that plaintiff has failed to assert a viable breach of fiduciary duty claim against MBF, this Court similarly recommends finding that plaintiff is not entitled to punitive damages on this claim.[7]

### D.    Jurisdiction question

In the event the Court dismisses the federal ERISA claim, only state law claims remain and the Court would need to assess whether diversity jurisdiction exists. In its removal papers, Prudential asserted that in the absence of federal question jurisdiction, diversity jurisdiction

---

[7] While plaintiff does not provide any caselaw in support of her entitlement to punitive damages for breach of fiduciary duty, the Court notes that plaintiff would be entitled to such damages if she had sufficiently plead a breach of fiduciary duty claim. *See Wrap-N-Pack v. Kaye*, 528 F. Supp. 2d 119, 127 (E.D.N.Y. 2007) ("New York law recognizes breach of fiduciary duty as an exception to the general rule that punitive damages are not recoverable for breach of contract claims.").

13

exists only if MBF were deemed a "dispensable non-diverse party" and severed from this action. *See* Notice of Removal at ¶ 13 (Dkt. 1).  If MBF were to remain in this action, however, the Court would lack diversity jurisdiction under 28 U.S.C. § 1332(a).

In its removal papers, Prudential argues that MBF is dispensable, and that the Court, on its own, could sever and remand the claims against MBF.  Prudential offers this option as a way to preserve this Court's diversity jurisdiction.  The parties have not briefed the issue of diversity jurisdiction.  Based on the current record, this Court does not make any recommendations on the issue of whether diversity jurisdiction exists in the event the Court dismisses the federal ERISA claims (which served as the basis for federal question jurisdiction), but allows the state law breach of contract claim to survive.  Further, Prudential has requested leave to brief the jurisdictional issue prior to the Court making any determination as to whether diversity jurisdiction exists.  *See* Notice of Removal at ¶ 32, Dkt. 1.

## Conclusion

For the foregoing reasons, this Court respectfully recommends **granting** defendants' motions to dismiss plaintiff's ERISA claims against Prudential and MBF; **granting** MBF's motion to dismiss plaintiff's claim for breach of fiduciary duty and related request for punitive damages; but **denying** defendants' motions to dismiss plaintiff's claim for breach of contract against Prudential and MBF.

A copy of this Report and Recommendation is being electronically served on counsel.  Any objections to the recommendations made in this Report must be filed with The Honorable Chief Judge Margo K. Brodie within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 12, 2022**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's

order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
August 29, 2022

s/ James R. Cho
James R. Cho
United States Magistrate Judge