UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

TERESA FABI,

                           Plaintiff,                    **ORDER**
                                                                    21-CV-4944 (MKB) (JRC)

           v.

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA and MANAGEMENT BENEFITS FUND
OF THE CITY OF NEW YORK,

                           Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Teresa Fabi commenced the above-captioned action against Defendants The Prudential Insurance Company of America ("Prudential") and Management Benefits Fund of the City of New York ("MBF," and collectively "Defendants") on July 19, 2021, seeking to "collect the proceeds of a life insurance policy." (Compl. ¶ 1, annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) Plaintiff alleges breach of contract, breach of fiduciary duty under New York law and violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"). (*See generally id.*) Prudential subsequently removed the action to this Court based on federal question and diversity jurisdiction. (Notice of Removal, Docket Entry No. 1.) On December 8, 2021, Prudential moved to dismiss the Complaint, (Prudential's Mot. to Dismiss, Docket Entry No. 15), and on February 4, 2022, MBF also moved to dismiss the Complaint, (MBF's Mot. to Dismiss, Docket Entry No. 20). On February 4, 2022, the Court referred Defendants' motions to Magistrate Judge James R. Cho for a report and recommendation. (Order dated Feb. 4, 2022.)

By report and recommendation dated August 29, 2022, Judge Cho recommended that the Court grant Defendants' motion to dismiss Plaintiff's ERISA claim with prejudice (the "R&R").[1] (R&R 7–9, Docket Entry No. 24.) Prudential submitted objections to the R&R,[2] (but did not contest the recommendation to dismiss the ERISA claim. (*See* Prudential's Objs., Docket Entry No. 25.) No other objections to the R&R have been filed and the time for doing so has passed.[3] As discussed below, the Court dismisses Plaintiff's ERISA action and directs the parties to submit briefing on the Court's jurisdiction to adjudicate Plaintiff's remaining state law claims.

I. **Discussion**

   a. **Standard of review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also*

---

[1] Judge Cho also recommended that the Court not consider certain documents which are not mentioned in the Complaint, nor relied on for Plaintiff's allegations, (R&R 6–7); deny Defendants' motion to dismiss Plaintiff's breach of contract claims, (*id.* at 9–11); grant MBF's motion to dismiss Plaintiff's breach of fiduciary duty claim, (*id.* at 11–13); and find that Plaintiff is not entitled to punitive damages on the breach of fiduciary duty claim, (*id.* at 13).

[2] Prudential objected to Judge Cho's refusal to consider certain documents attached to Prudential's motion to dismiss, including letters from Prudential denying Plaintiff's claim for insurance proceeds and MBF Form 1060 dated February 21, 2020, on the grounds that the letters are integral to the Complaint and any dispute over the authenticity of MBF Form 1060 is irrelevant. (Prudential's Objs. 2–3.)

[3] Plaintiff did not make any objections of her own but responded to Prudential's objections to her breach of contract claim. (Pl.'s Resp. to Prudential's Objs., Docket Entry No. 26.)

*Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

      **b.  ERISA claim**

The Court has reviewed the unopposed portion of the R&R relating to Plaintiff's ERISA claim and, finding no clear error, adopts this portion of the R&R pursuant to 28 U.S.C. § 636(b)(1). The Court therefore dismisses the ERISA claim.

      **c.  Jurisdiction over Plaintiff's remaining state law claims**

Dismissal of Plaintiff's ERISA claim appears to deprive the Court of jurisdiction. Plaintiff's only remaining claims are state law claims for breach of contract and breach of fiduciary duty. (Compl. ¶¶ 13–17; 22–23.) Thus, the Court no longer has federal question jurisdiction.

In addition, because Plaintiff and MBF are both citizens of New York, (*id.* ¶ 3; Notice of

Removal ¶ 14), there is no complete diversity. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e.[,] all plaintiffs must be citizens of states diverse from those of all defendants." (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))). As such, the Court lacks subject matter jurisdiction and must remand the case to State Court.

In its removal papers, Prudential argues that pursuant to Rule 21 of the Federal Rules of Civil Procedure, MBF is dispensable, and the Court, on its own, could sever and remand the claims against MBF. (Notice of Removal ¶¶ 14–21; *see also* R&R 13–14; Prudential's Objs. 4 n.1.) Prudential contends that district courts have discretion to "sever a dispensable, nondiverse party in order to preserve federal jurisdiction." (Notice of Removal ¶ 16 (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)).) In support of its argument that MBF is a dispensable party as to the breach of contract claim, Prudential argues that the group universal life insurance benefits at issue are fully insured by Prudential, MBF is not a party to the policy, and if benefits are to be awarded under the policy, Prudential would be responsible for payment of any benefits awarded, not MBF. (*Id.* ¶¶ 18–20.) Therefore, Prudential argues, MBF is dispensable as to the breach of contract claim and the Court may sever and remand the breach of fiduciary duty claim which was pleaded solely against MBF. Prudential also requested leave to brief the jurisdictional issue prior to any remand. (*Id.* ¶ 32.) The Court grants Prudential's application to brief the issue and directs Prudential and the other parties to brief the Court within thirty days of the date of this Order on why it should not remand the case given the Court's apparent lack of jurisdiction.

4

## II. Conclusion

Accordingly, the Court adopts the unopposed portion of the R&R relating to Plaintiff's ERISA claim and dismisses the claim without prejudice for lack of subject matter jurisdiction. The parties are directed to brief the Court within thirty days of the date of this Order on why it should not remand the case given the Court's apparent lack of jurisdiction.

Dated: September 26, 2022
      Brooklyn, New York

SO ORDERED:

    /s/ MKB
MARGO K. BRODIE
United States District Judge